HOUSTON, Justice
(concurring in part and dissenting in part).
I would affirm the judgment of the trial court; therefore, I concur in part and dissent in part.
There is no evidence that Jeffery Mark West, the driver of the van that struck the plaintiffs stalled vehicle, causing it to hit and run over the plaintiff, was an employee, servant, or agent of the partnership that was sued, Carpet Installation and Supplies of An-niston (“the Anniston partnership”). All of the evidence shows that at the time of the accident that is the basis of this action West was an employee of Carpet Installation and Supplies of Glencoe (“the Glencoe partnership”), a partnership that was not sued. Therefore, the trial court properly entered the summary judgment as to the Anniston partnership. The majority of the Court erroneously assumes that West’s action benefited the Anniston partnership, although no evidence in the record suggests that it did. The two partnerships are composed of different partners. The Anniston partnership is composed of six general partners. The Glen-coe partnership is composed of two general *71 partners. The two partners in the Glencoe partnership are two of the six partners in the Anniston partnership. The record contains no evidence that the Glencoe partnership is a partner in the Anniston partnership, even though if it were that fact would not aid the plaintiff in his opposition to the Anniston partnership’s motion for summary judgment, for a wrong allegedly done by a partner does not impose liability on a partnership, unless the partner was acting in the ordinary course of the business of the partnership when the wrong was done. Ala.Code 1975, § 10-8-53.
I fear that the majority is stretching to make two partnerships into one, when all the evidence shows that there are two distinct' partnerships.
HOOPER, C.J., and MADDOX, J./concur.